𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HESS v. RANKIN.

## HESS v. TAYLOR.

## TAYLOR v. LIGHTNER, SHERIFF.

December 6th, 1883.

EQUITABLE JURISDICTION AND RELIEF—*Trust estate for wife and children—Case at bar.*—In 1862 land was conveyed to J B H in trust for his wife and their children. Deed was lost and not recorded, but its contents were established. In 1873 J B H absconded. In 1873 same grantors conveyed same land to the wife, reciting deed of 1862, and she sold the land to T, and in 1878 as absolute owner sued T for specific perform--ance. T defended on ground of defect of her title, but sale was ordered and made to R, and L, sheriff, ordered to deliver possession. T obtained injunction, but it was dissolved. Then the children, who had never been parties to the proceedings, brought their bill, set up their rights under the lost deed, and obtained an injunction ; but the injunction was dissolved, and their bill dismissed on appeal.

HELD :

1. The lost deed of 1862, though never recorded, was binding between the parties thereto, and all the parties to these suits (they having had actual notice of same), and secured the children's rights in the land.

2. The wife had no power to revoke the deed of 1862, and, as absolute owner, to sell the land.

3. T was not compellable to receive a defective title, and specific performance of the sale to him should not have been decreed.

4. The sale to R should have been rescinded, a trustee appointed to· hold the land for the benefit of the wife and her children, and the parties put *in statu quo*.

Appeal from decree of circuit court of Augusta county, rendered 15th June, 1883, in the three causes above styled,.

which were heard together. This appeal was argued in Staunton and decided in Richmond.

Opinion states the case.

*Wm. J. Robertson* and *J. S. Harnsberger*, for the appellants.

*J. E. Roller, E. S. Conrad, W. Liggatt* and *C. E. Haas*, for the appellees.

LACY, J., delivered the opinion of the court.

The facts necessary to be stated are as follows: In the year 1862 the land in controversy, containing one hundred and forty-four acres, was sold and conveyed by the vendors to J. B. Hess, in trust for Leah Hess and their children, eleven in number, many of them of tender years. This deed was lost and not recorded, but its execution and contents are fully established by proof herein. In 1872 J. B. Hess absconded and left the State. In 1873 the same vendors conveyed the same land to Leah Hess by deed, which set out the deed of 1862. In the same year *Leah Hess* sold the said land to one D. F. Taylor, and in 1878 brought suit in her own name, as absolute owner of the land, against said Taylor, to enforce specific performance of her contract of sale with him. Taylor objected on the ground of defect of title in his vendor, and on other grounds. After reference to a commissioner and depositions taken in the cause, a sale was decreed against Taylor for the purchase money, and sale made to J. H. Rankin, and decree to put Rankin in possession. Taylor sued out an injunction against Lightner, sheriff, and others to enjoin the execution of this decree against him. Upon depositions being taken, and the cause heard, this injunction was dissolved.

Whereupon the appellants herein, the children of J. B.

and Leah Hess, filed their bill for an injunction—they not having been before made parties to any of the proceedings—in which they prayed that their rights in the property, under the deed of 1862 might be protected; and alleged that Leah Hess had no right to sell the land; that the decree of sale to satisfy the purchase-money claim of Leah Hess against Taylor was erroneous; that they were not parties to the suit of Hess v. Taylor; that Leah Hess, not having power to make the sale to Taylor, the said sale was void; that Rankin, the purchaser, if he had any assignment of the Taylor bonds to Leah Hess, with which he claimed to pay for the land, had obtained the same by a fraud; that he had advanced $100 on the said bonds to their mother as her pretended friend, and had induced her to assign the bonds by a writing to him, upon the pretext that he could get her rights for her, and that when he did get the money from Taylor he would repay himself the $100, and pay the residue to her. And they prayed that if they could not be protected in their rights to the land, their rights at least might be protected in the proceeds of sale. Rankin came in and demurred, and answered that if there was anything in the pretension of these children, that they were not concluded by anything which was done in these proceedings, but could assert their rights at law; that he was not advised whether the deed of 1862 was ever made, but that it was never accepted nor acted upon, if, in fact, it was ever written; that the property was in the mother, by reason of the abandonment of her by her husband; that by getting a deed from the original vendors in the deed of 1862 she had gotten the legal title in herself. He denied that he had gotten the assignment of the bonds by fraud, but had paid *their full value;* but he did not deny the charge that he had paid only $100 for $1,000. And without taking any testimony thereunder, and without the production of the assigned bonds or the writing by which it was claimed they had been

assigned, for neither are in the record, the circuit court dissolved the injunction which had been granted by Judge Smith, of the hustings court of Staunton on the 24th of April, 1883, and at the same time dismissed the bill with costs.

The proof is clear in the record of the execution of the original deed to Hess, trustee, for Leah Hess and her children, and although it was never recorded, it is binding between the parties and all the parties to this suit, all having been affected with actual notice of the same.

The deed of 1873 from the original vendors to Mrs. Hess set forth the consideration of the first deed; the testimony of these grantors taken in the cause of *Hess* v. *Taylor* sets up the said deed of 1862 and its contents. It was erroneous to decree specific performance against Taylor at the suit of Mrs. Hess, for, although she undertook in her contract with Taylor to revoke the deed of 1862, which was recited in the said contract, she had no such power. Upon the proof in the cause of *Hess* v. *Taylor* the contract of sale by Mrs. Hess to Taylor should have.been rescinded by the circuit court. Taylor could not acquire a title to this land in any suit to which neither the trustee, who held the legal title, nor the parties interested beneficially under the trust, were parties.

The sale under which Rankin purchased was erroneously decreed, and the sale to him erroneously confirmed. The decree of June 12th, 1882, in the suit of *Hess* v. *Taylor* decreed the sale under which Rankin purchased, and the decree of November 23d, 1882, in the same suit, confirming the said sale to Rankin, is erroneous, and both must be reversed and annulled.

In the suit of *Taylor* v. *Lightner and others*, the decrees of April 10th and June 13th, 1883, dissolving injunction and dismissing the bill of Taylor, are erroneous. He had a right to object to a defective title, and to have the contract re-

scinded, and to have what he had paid refunded to him, upon the payment by him for the use and occupation of the land.  The decree of June 15th, 1883, in the cause of *Hess* v. *Rankin*, is erroneous, for reasons stated above, and must be reversed and annulled ; and this cause remanded to the said circuit court of Augusta, with directions, by proper proceeding therein, to set up the deed of 1862 ; to appoint a trustee to hold the said land for the benefit of Leah Hess and her children, according to the terms of that deed ; to rescind the contract of sale between Leah Hess and D. F. Taylor of 1873 for the sale of the said land; to put the parties as near as may be in the same position they were before the said contract was executed ; to cause the said Taylor to be repaid the money he had paid on his purchase, and to charge him with a fair annual rent for the said land ; to set aside the sale to J. H. Rankin, and to refund to him whatever he has paid upon his purchase, and cause his bonds for the purchase money to be returned to him.

And it is ordered that this opinion be certified to the said circuit court of Augusta.

DECREE REVERSED.